## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## GAINESVILLE DIVISION

**BETTY A. SEARS,**
        **Plaintiff,**

**v.**                                           **No:  1:07cv3/MP/MD**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**
        **Defendant.**

_____

### REPORT AND RECOMMENDATION

This case has been referred to the undersigned magistrate judge pursuant to the authority of 28 U.S.C. § 636(b) and Rules 72.1(A), 72.2(D) and 72.3 of the local rules of this court relating to review of administrative determinations under the Social Security Act and related statutes.  It is now before the court pursuant to 42 U.S.C. § 405(g) of the Social Security Act for review of a final determination of the Commissioner of Social Security (Commissioner) denying claimant Sears' application for disability insurance benefits under Title II of the Act.

Upon review of the record before this court, it is the opinion of the undersigned that the findings of fact and determinations of the Commissioner are supported by substantial evidence; thus, the decision of the Commissioner should be affirmed.

## PROCEDURAL HISTORY

Plaintiff filed an application for disability insurance benefits claiming a disability onset date of October 15, 2000.  Her claim was denied initially and on reconsideration and she requested a hearing before an Administrative Law Judge (ALJ).  A hearing was held on November 10, 2004 at which plaintiff was represented by counsel and testified.  A vocational expert also testified.  The ALJ rendered an unfavorable decision on May 25, 2005 (tr. 16-22) and the Appeals Council declined review (tr. 709), making the decision the ALJ the final decision of the Commissioner, and therefore subject to review in this court. *Falge v. Apfel*, 150 F.3d 1320 (11th Cir. 1998).  This appeal followed.

## FINDINGS OF THE ALJ

Relative to the issues raised in this appeal, the ALJ found that plaintiff had a severe condition of disc herniation at C5-6 with left-sided radiculopathy, a history of mild degenerative joint disease of the lumbar spine at L3-4 and a history of headaches, but that she did not have a condition or combination of conditions that met or was medically equal to one of the listed impairments in Appendix 1, Subpart P, Regulations No. 4; that plaintiff's allegations regarding her limitations were not totally credible; that she had the residual functional capacity to perform a reduced range of light and sedentary work, including the ability to stand, walk and sit for six hours in a normal workday, lift and carry 10 pounds occasionally and five pounds frequently with her left hand, lift and carry 20 pounds occasionally and 10 pounds frequently with her right hand, and occasionally look from side to side and up and down with her neck; that her past relevant work as a receptionist did not require the performance of work-related activities precluded by her residual functional capacity; that she could perform her relevant past work; and that she was not disabled as defined in the Act.

## STANDARD OF REVIEW

The ALJ's decision will be reversed only if it is not supported by substantial evidence. *Falge, supra*. The court must determine whether the Commissioner's decision is supported by substantial evidence in the record and whether it is premised upon correct legal principles. *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). "A determination that is supported by substantial evidence may be meaningless . . . if it is coupled with or derived from faulty legal principles." *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983). In determining whether substantial evidence exists, the court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision. *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)(citations omitted). Findings of fact by the Commissioner that are supported by substantial evidence are conclusive. 42 U.S.C. § 405(g); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

A disability is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To qualify as a disability the physical or mental impairment must be so severe that the claimant is not only unable to do his previous work, "but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

Pursuant to 20 C.F.R. § 404.1520(a)-(f), the Commissioner analyzes a claim in five steps. A finding of disability or no disability at any step renders further evaluation unnecessary. The steps are:

1.      Is the individual currently engaged in substantial gainful activity?

2.      Does the individual have any severe impairment?

3.      Does the individual have any severe impairments that meet or equal those listed in Appendix 1 of 20 C.F.R. Part 404?

4.      Does the individual have any impairments which prevent past relevant work?

5.      Do the individual's impairments prevent any other work?

The claimant bears the burden of establishing a severe impairment that keeps her from performing her past work.  If the claimant establishes such an impairment, the burden shifts to the Commissioner at step 5 to show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform.  *Chester v. Bowen*, supra, 792 F.2d at 131; *MacGregor v. Bowen*, 786 F.2d 1050, 1052 (11th Cir. 1986).  If the Commissioner carries this burden, claimant must prove that she cannot perform the work suggested by the Commissioner.  *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987).

### PLAINTIFF'S MEDICAL HISTORY

Plaintiff presents only one issue on appeal, claiming that the ALJ erred by not using the appropriate pain standard in assessing plaintiff's credibility.  Plaintiff focuses on several MRI's and CT scans that appear in the record.  Accordingly, the following summary focuses on those scans as well.

Plaintiff's primary care physician was Christopher Ratchford, of Cleveland, Georgia.  After plaintiff moved to Florida in late 2003 or early 2004, she was seen by Richard Wright, M.D.  The course of her treatment under Dr. Ratchford began in August 2000, and she saw him on a regular basis through January 2004.  He treated her for various medical problems from time to time, but her biggest complaint was

noted to be cervical radiculopathy.  Dr. Ratchford noted tenderness in plaintiff's neck and left arm on a fairly frequent basis which became worse in early 2002.  He therefore referred her for an MRI of the cervical spine which was performed on March 27, 2002.  That MRI was read as showing diffuse disc herniation at C5-6 with decreased disc height, causing mild mass effect upon the spinal cord.  There was also a broad based bulge present at C6-7, slightly eccentric to the right.  There was no evidence of spinal canal stenosis, and the neural foramen were patent (tr. 229).

Dr. Ratchford referred plaintiff to Todd Stewart, M.D., who saw her on April 22, 2002 after the foregoing MRI had been taken.  On physical examination, Dr. Stewart found that plaintiff's left arm was globally weak with decreased strength in the left hand, bicep and tricep.  Reflexes were normal and there was no sensory deficit. There was decreased range of motion in all planes in the cervical spine and pain was reproduced on tilting her head or on extension (tr. 158-159).  Plaintiff was then referred for a nerve conduction study and EMG which were done on June 24, 2002. The nerve conduction study of the left arm was read as normal.  The EMG was abnormal showing left C5-6 cervical radiculopathy (tr. 160-161).  A repeat MRI done on August 15, 2002 showed a degenerative disc with osteophytes and herniation at C5-6 which caused mild focal central stenosis without cord compression, and a small focal protrusion at C4-5 with a very minimal bulge at C6-7 (tr. 173).

Finally, a CT scan done on September 26, 2002 revealed right disc herniation at C4-5, not causing cord compression but slightly displacing the right C5 nerve root and impinging upon the nerve root entry zone, and degenerative changes at C5-6 with marginal bone spurs causing mild foramenal impingement but no cord compression; and small left disc herniation at C6-7 with no cord compression but mild impingement on the left C7 nerve root (tr. 165-166).  The only other medical records in the file show that in June and July 2002, plaintiff received cervical epidural injections.  After she moved to Florida, she saw Dr. Wright on February 12,

2004 and May 12, 2004.  She complained of severe neck pain.  Dr. Wright noted that she had a disability claim pending and indicated, without more, that he agreed that plaintiff was totally and permanently disabled (tr. 268-274).

## DISCUSSION

The plaintiff argues that the ALJ erred in failing to apply the correct standard for assessing plaintiff's subjective complaints of pain, and that she was disabled from her onset date as a matter of law.  The Commissioner argues that the ALJ's findings were supported by substantial evidence and must, therefore, be sustained.  The issue thus presented is whether the ALJ's decision that the plaintiff was not disabled, in light of her physical condition, age, education, work experience, and residual functional capacity, is supported by substantial evidence in the record.

The ALJ did not err in making his assessment of plaintiff's subjective complaints of pain.  As this court is well aware, pain is treated by the Regulations as a symptom of disability.  Title 20 C.F.R. § 404.1529 provides in part that the Commissioner will not find disability based on symptoms, including pain alone, ". . . unless medical signs or findings show that there is a medical condition that could be reasonably expected to produce these symptoms."  *Accord* 20 C.F.R. § 416.929.  The Eleventh Circuit has articulated the three-part pain standard, sometimes referred to as the *Hand*[1] test, as follows:

> In order to establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

---

[1]*Hand v. Bowen*, 793 F.2d 275, 276 (11th Cir.1986) (the case originally adopting the three-part pain standard).

*Case No: 1:07cv3/MP/MD*

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991); *Ogranaja v. Commissioner of Social Security*, 186 Fed.Appx. 848, 2006 WL 1526062, *3+ (11th Cir. 2006) (quoting *Wilson*) (Table, text in WESTLAW); *Elam v. Railroad Retirement Bd.*, 921 F.2d 1210, 1216 (11th Cir. 1991).

The Eleventh Circuit has also approved an ALJ's reference to and application of the standard set out in 20 C.F.R. § 404.1529, because that regulation "contains the same language regarding the subjective pain testimony that this court interpreted when initially establishing its three-part standard." *Wilson, supra*, 284 F.3d at 1226. Thus, failure to cite to an Eleventh Circuit standard is not reversible error so long as the ALJ applies the appropriate regulation.

But "[w]hile both the Regulations and the *Hand* standard require objective medical evidence of a condition that could reasonably be expected to cause the pain alleged, neither requires objective proof of the pain itself." *Elam*, 921 F.2d at 1215. The Eleventh Circuit has held that "pain alone can be disabling, even when its existence is unsupported by objective evidence." *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995)(citing *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992)); *Walker v. Bowen*, 826 F.2d 996, 1003 (11th Cir. 1987); *Hurley v. Barnhart*, 385 F.Supp.2d 1245, 1259 (M.D.Fla. 2005).   However, the presence or absence of evidence to support symptoms of the severity claimed is a factor that can be considered. *Marbury*, 957 at 839-840;  *Tieniber v. Heckler,* 720 F.2d 1251, 1253 (11th Cir. 1983).

Finally, if the Commissioner refuses to credit subjective testimony of the plaintiff concerning pain he must do so explicitly and give reasons for that decision. *MacGregor v. Bowen*, 786 F.2d at 1054.  Where he fails to do so, the Eleventh Circuit has stated that it would thus hold as a matter of law that the testimony is accepted as true.  *Holt v. Sullivan*, 921 F.2d at 1223; *MacGregor v. Bowen*, 786 F.2d at 1054. Although the Eleventh Circuit does not require an  explicit finding as to a claimant's

credibility, the implication must be obvious to the reviewing court. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11ᵗʰ Cir. 2005).  The credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable the reviewing court to conclude that the ALJ considered the claimant's medical condition as a whole.  *Dyer*, 395 F.3d at 1210 (11ᵗʰ Cir. 2005) (internal quotations and citations omitted).  And of course, the reasons articulated for disregarding the plaintiff's subjective pain testimony must be based upon substantial evidence.  *Wilson*, 284 F.3d at 1225-1226; *Jones v. Department of Health and Human Services*, 941 F.2d 1529, 1532 (11ᵗʰ Cir. 1991); *Hurley*, 385 F.Supp.2d at 1259.

Underlying the *Hand* standard is the need for a credibility determination concerning a plaintiff's complaints of pain.  Those complaints are, after all, subjective.  "[T]he ascertainment of the existence of an actual disability depend[s] on determining the truth and reliability of [a claimant's] complaints of subjective pain."  *Scharlow v. Schweiker*, 655 F.2d 645, 649 (5ᵗʰ Cir. 1981) (holding that the ALJ must resolve "the crucial subsidiary fact of the truthfulness of subjective symptoms and complaints").[2]  People with objectively identical conditions can experience significantly different levels of pain, and pain is more readily treated in some than in others.  "Reasonable minds may differ as to whether objective medical impairments could reasonably be expected to produce [the claimed] pain.  This determination is a question of fact which, like all factual findings by the [Commissioner], is subject only to limited review in the courts . . . ."  *Hand, supra,* at 1548-49.  It is within the ALJ's "realm of judging" to determine whether "the quantum of pain [a claimant] allege[s] [is] credible when considered in the light of other evidence."  *Arnold v. Heckler*, 732 F.2d 881, 884  (11ᵗʰ Cir. 1984).   Thus, a

---

[2]  Decisions of the United States Court of Appeals for the Fifth Circuit decided prior to September 30, 1981 are binding precedent in the Eleventh Circuit.  *Bonner v. Pritchard*, 661 F.2d 1206, 1207 (11ᵗʰ Cir.1981) (en banc).

physician may be told by a patient that he or she is in pain, and the physician may believe it, but the ALJ is not bound by that.  The evidence as a whole, including the existence of corroborating objective proof or the lack thereof, and not just a physician's belief, is the basis for the ALJ's credibility determination.

The ALJ found that plaintiff's allegations concerning her limitations were not totally credible "for the reasons set forth in the body of the decision."  (Tr. 21). Plaintiff contends that there were no reasons stated in the decision, and further that there was nothing in the record to support the ALJ's decision.  It is true that the ALJ could have stated his reasons for discounting plaintiff's subjective complaints of pain more clearly, but it is not true that he did not state his reasons.  In determining plaintiff's residual functional capacity, the ALJ found that plaintiff's symptoms - that is, her complaints - did not correlate with the objective test results (tr. 20).  He further noted that there was nothing in the medical evidence to support her allegations that she was prohibited from walking, standing, or sitting to the extent that she would be precluded from all forms of substantial gainful activity (tr. 21). The ALJ noted that neither Dr. Wright nor Dr. Ratchford had ever indicated that plaintiff had difficulty walking, standing or sitting, nor did they note adverse side effects from medication (tr. 19).

Plaintiff's credibility was called into question because her testimony at the hearing was that she was much more restricted than any medical records indicated. The lack of medical evidence in the physicians' notes (other than the radiographic studies) contrasted with the plaintiff's testimony that she could not drive (tr. 45, 60), that she could do no housework other than straighten the kitchen and bed (tr. 49), that she could not sit in an easy chair to read without being propped up, and then for only ten to fifteen minutes at most (tr. 54, 56), and that she had to lie down at least twice per day (tr. 57).  Moreover, the ALJ did not ignore the plaintiff's underlying condition.  He found that she "clearly ha[d] degenerative disc disease of

the cervical spine as confirmed by an MRI, CT/myelogram and clinical examinations" (Tr. 19).    But under the *Hand* standard, positive findings of this nature are not enough.   There must be objective medical evidence *confirming* the severity of the alleged pain, or the objectively determined medical condition can *reasonably be expected* to give rise to the claimed pain.   Small disc herniations *may* cause great pain, but plaintiff has not shown that they necessarily can be *expected* to do so in her case.   Given the plaintiff's discounted credibility, the ALJ found that plaintiff could perform at a reduced range of light work.   That is, he assessed the truth and reliability of plaintiff's complaints of pain, *Scharlow v. Schweiker, supra*, which was within his realm of judging,  *Arnold v. Heckler, supra*, and found that her subjective complaints of pain were not wholly credible.  There was substantial record evidence to support the ALJ's decision, and he did not err in his application of the appropriate pain standard.

Accordingly, it is respectfully RECOMMENDED that the decision of the Commissioner be AFFIRMED, that this action be DISMISSED and that the clerk be directed to close the file.

At Pensacola, Florida this 30th day of November, 2007.

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).